UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BENITO SANTIAGO,**

       **Plaintiff,**

v.                                                     **Case No:  6:12-cv-577-Orl-22DAB**

**GEORGE M. EVANS and BENNYBETH
& J JRS EXPRESS,**

       **Defendants.**

## ORDER

This cause is before the Court on Joint Motion to Dismiss Action and Vacate Arrest (Doc. No. 26) filed on June 4, 2012. The United States Magistrate Judge has submitted a report recommending that the Motion be DENIED.[1]

After an independent *de novo* review of the record in this matter, including the objections filed by the Claimants George M. Evans and HH & DD Holdings of Florida LLC ("Claimants"), the Court agrees entirely with the Report and Recommendation's findings of fact and its ultimate legal finding that this Court has subject matter jurisdiction over this action.[2]

The Court need not address Claimants' objections because the Court finds that it retains subject matter jurisdiction on a ground separate from that determined by the Magistrate Judge, to which Claimants filed their objection. Thus, Claimants' objections are moot. *See also supra* note 1.

---

[1] Claimants contend that the Report and Recommendation does not address their claims regarding the issues of verification and publication/notice as well as the deposit for custodial expenses. The Magistrate Judge has stated that he will address by separate order these remaining issues. (*See* Doc. No. 39 at p. 2 n.3).

[2] The Court adopts and incorporates as if fully set forth herein the Report and Recommendation's "Procedural History and Facts Related to Subject Matter Jurisdiction" (Doc. No. 39 at pp. 2-4).

Plaintiff Benito Santiago ("Plaintiff") brought this *in rem* action to secure the possession of the vessel, BennyBeth & J Jr.'s Express (a 62.5' Sea Ray), her boats, engines, tackle, equipment, apparel, furnishings, freights and appurtenances. (Doc. No. 42). In conjunction with 28 U.S.C. § 1333(1) and *Federal Rule of Civil Procedure* 9(h), Rule D of the Supplemental Rules for Admiralty or Maritime Claims provides for admiralty jurisdiction for "all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel." (Doc. No. 39 at p. 3 (citations omitted)). Courts have defined a possessory action as one "where a party entitled to possession of a vessel seeks to recover that vessel." *Silver v. Sloop Silver Cloud*, 259 F. Supp. 187, 191 (S.D.N.Y. 1966). In other words, a possessory action is one "to reinstate an owner of a vessel who alleges wrongful deprivation of property." *Id.* (citation omitted). In the present case, Claimants seek to dismiss the action for lack of subject matter jurisdiction, asserting that Plaintiff sold the vessel to Evans and thus is not the owner of a vessel entitled to possession, eliminating the basis for this Court's admiralty jurisdiction.

The Eleventh Circuit has clarified that a motion to dismiss for lack of subject matter jurisdiction may be a facial attack or a factual attack on the complaint. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. May 1981).[3] When a defendant challenges a plaintiff's complaint facially, the Court must consider the allegations in the plaintiff's complaint as true. *Id.* (citations omitted). In contrast, a factual attack does not involve the same safeguards; instead, the Court proceeds as it never could under *Federal Rule of Civil Procedure* 12(b)(6) or 56 because it "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 412-13 (citation omitted). Therefore, with a factual attack, no presumptive truthfulness attaches to the complaint and "the existence of disputed material facts will not preclude the trial

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit prior to the close of business on September 20, 1981).

court from evaluating for itself the merits of jurisdictional claims." *Id.* at 413 (citation omitted). As well, a plaintiff has the burden of proving that jurisdiction exists. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 732 n.9 (11th Cir. 1982).[4]

Notwithstanding the foregoing, there are limitations on a Court's power with respect to a factual attack. In *Bell v. Hood*, the Supreme Court established a "strict standard" for dismissal based on a lack of subject matter jurisdiction "when the basis of jurisdiction is also an element in the plaintiff's federal cause of action." *Williamson*, 645 F.2d at 415 (discussing *Bell*, 327 U.S. 678 (1945)); *Eaton*, 692 F.2d at 733 ("Where the jurisdictional issues are intertwined with the substantive merits, 'the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.'" (citations omitted)); *see also id.* (noting that "the argument against premature dismissal on 12(b)(1) grounds is particularly strong when the basis of jurisdiction is also an element of plaintiffs' cause of action on the merits."). The Eleventh Circuit has explained that the *Bell* rule applies to a court's admiralty jurisdiction. *See Marine Coatings of Ala. v. United States*, 792 F.2d 1565, 1567 (11th Cir. 1986) ("We are persuaded, however, that the rationale enunciated in *Bell* is applicable to admiralty cases.").

At bar, Claimants challenge this Court's jurisdiction on the basis that a contract for sale existed between Evans and Plaintiff and that Plaintiff sold Evans the vessel, preventing Plaintiff from being an owner of the vessel and thus precluding Plaintiff from asserting admiralty jurisdiction. In short, Claimants' challenge to this Court's subject matter jurisdiction is intertwined with Plaintiff's substantive claim. If the Court finds a contract and sale exist then Plaintiff cannot state a claim for possession and the Court does not have admiralty jurisdiction. Therefore, the Court's determination of whether it has subject matter jurisdiction hinges on whether there was a contract and sale (i.e., whether Plaintiff is the owner of the boat), resulting

---

[4] Plaintiff carried its burden of showing jurisdiction exists as the Magistrate Judge found that "[Plaintiff] has sufficiently alleged that he has legal title [and that] Claimant's evidence to the contrary is inconclusive." (Doc. No. 39 at p. 11).

in the Court, "at the same time, effectively decid[ing] the merits" of Plaintiff's claim. *Eaton*, 692 F.2d at 734. Therefore, the Court is bound to follow the rule set forth in *Bell*.

Based on *Bell* and its progeny, the Court must deny the motion to dismiss based on subject matter jurisdiction. The Court is bound to follow the progeny, which states:

> Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the Plaintiff's case.

*Williamson*, 645 F.2d at 415. In the present case, the Court does not find Plaintiff's admiralty claim to be immaterial or made solely for obtaining admiralty jurisdiction nor does the Court find the claim to be insubstantial or frivolous. *See id.*; *Bell*, 327 U.S. at 682-83 (noting that the two exceptions to the *Bell* rule are when the claim appears to be immaterial and made solely for purposes of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous). Moreover, the Court cannot reach the merits of this claim as there is clearly a disputed issue of material fact as to whether there was a contract and the vessel was sold. *See Jones v. One Fifty Foot Gulfstar Motor Sailing Yacht, Hull No. 01*, 625 F.2d 44, 47 (5th Cir. 1980) (noting the general rule that "admiralty will not entertain suits where the substantive rights of the parties flow from a contract to sell or construct a vessel"). The Court reaches to this conclusion after reviewing the Magistrate Judge's preliminary finding that:

> The circumstances surrounding the signing of the Bill of Sale are highly suspect. There was no notarization of [Plaintiff's] signature at the time the Bill of Sale was completed, and Evans' paralegal who provided the attestation did not do so until September 26, 2011 when the notary attestation was demanded by the Coast Guard for registration. There is no written contract for sale of the Vessel.

(*See* Doc. No. 39 at p. 8). Therefore, based on the law of the Eleventh Circuit, Plaintiff's claim "should not be dismissed on motion for lack of subject matter jurisdiction when that

determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact." *Lawrence v. Dunbar*, 919 F.2d 1525, 1530-31 (11th Cir. 1990) (per curiam).

Additionally, Plaintiff's claim cannot be dismissed for failure to state a claim as the Court agrees with the Magistrate Judge that "[Plaintiff] has sufficiently alleged that he has legal title [and that] Claimant's evidence to the contrary is inconclusive." (Doc. No. 39 at p. 11); *see also William P. Brooks Constr. Co. v. Guthrie*, 614 F.2d 509, 511 (5th Cir. 1980) (per curiam) ("Nor was the district divested of admiralty jurisdiction by [defendant's] contractual defense set out in his cross-action." (citation omitted)).

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed June 21, 2012 (Doc. No. 39), is **ADOPTED** and **CONFIRMED** to the extent detailed in this Order and made a part of this Order.

2. Claimants' Objections (Doc. No. 46) are **DENIED as moot**.

3. The Joint Motion to Dismiss Action and Vacate Arrest (Doc. No. 26) is hereby **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 3, 2012.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties
Magistrate Judge