# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BENITO SANTIAGO,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:12-cv-577-Orl-22DAB**

**GEORGE M. EVANS, BENNYBETH &**
**J JR'S EXPRESS,** *in rem*,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**MOTION FOR ATTORNEY'S FEES AGAINST CLAIMANT GEORGE EVANS[1] (Doc. 109)**
>
> **FILED:**　December 14, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED[2]**.

In this admiralty case involving a dispute over ownership of a Vessel, Plaintiff seeks an award of $42,125 in attorney's fees following the trial at which he prevailed and received a final judgment declaring him the rightful owner of the Vessel. *See* Docs. 105, 106. Plaintiff argues he is entitled to

---

[1] Plaintiff did not file any evidence in support of the reasonableness of the fees, reserving "the right to produce his invoices and affidavits" as part of a reply if the reasonableness of the amounts sought were objected to by Evans. *See* Doc. 109. Despite Evans' objection to the reasonableness of the amounts (Doc. 110 at 7-10), Plaintiff did not file any Reply.

[2] The Motion also originally sought fees against HH&DD Holdings of Florida, LLC, but the Motion was denied as moot based on the LLC's settlement with Plaintiff. Doc. 117.

an award of reasonable attorney's fees from George Evans because, he alleges, Evans acted with malice and in bad faith as a Claimant to ownership of the Vessel.

Evans argues that no bad faith exists, and he was merely asserting his ownership rights pursuant to the written contract between the parties. Doc. 110. Evans also argues that Plaintiff does not have the "clean hands" required to seek the equitable relief of attorney's fees for Evans' alleged bad faith behavior. Doc. 110.

As Evans points out, a prevailing plaintiff is not entitled to attorneys fees under admiralty law, and Plaintiff brought this case as an admiralty action *in rem* pursuant to Rule 9(h) and Supplemental Rule D. *See* Doc. 42. The American Rule provides that in the absence of legislation providing otherwise, each party generally must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 244 (1975). The prevailing party in an admiralty case is not entitled to recover its attorneys' fees as a matter of course. *See, e.g., Natco LP v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001) (citing *Noritake Co., Inc. v. M/V Hellenic Champion*, 627 F.2d 724, 730 (5th Cir. 1980) ("Absent some statutory authorization, the prevailing party in an admiralty case is generally not entitled to an award for attorneys' fees.")); *Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co.*, 207 F.3d 1247, 1250 (11th Cir. 2000) ("A party is not entitled to attorney's fees in an admiralty case unless fees are statutorily or contractually authorized.").

Plaintiff recognizes that attorney's fees are generally not awarded in admiralty cases, but argues such fees can be awarded to a prevailing party if the opponent acted with malice or in bad faith. Doc. 109 ¶ 3 (citing *Cantieri Navali Riumiti v. M/V Shypton*, 802 F.2d 160 (5th Cir. 1986)[3]). A party seeking attorney's fees under the bad faith exception "must meet a high burden to recover

---

[3] As Evans points out, in the *M/V Skyptron* case, a preferred ships mortgage action, the court did *not* actually award attorneys for bad faith, but remanded the case for factual findings in support of bad faith.

attorney's fees." *Fattorusso v. Hass*, No. 08-20739-Civ, 2012 WL 4356809 (M.D. Fla. Sept. 24, 2012) (citing *Blue Water Marine Services, Inc. v. M/Y Natalia III*, No. 08-20739-Civ, 2009 WL 497646, *2 (S.D. Fla. Feb. 26, 2009)). Plaintiff has not even come close to meeting the high burden.

In a single-page memorandum of law, Plaintiff argues "the record is replete with facts and actions by Evans which constitute bad faith and malice," but Plaintiff fails to specify any particular facts demonstrating bad faith or malice. Doc. 109 at 2-3 (consisting of three paragraphs[4]). He simply argues that he sent a "civil theft demand letter to Evans" which demonstrates his belief that Evans had "stolen" the Vessel from him. Doc. 109 ¶ 5.

"Bad faith exists when the court finds that fraud has been practiced upon it, or 'that the very temple of justice has been defiled,' or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts litigation, or hampers the enforcement of a court order." *Blue Water Marine*, 2009 WL 497646, *2 (quoting *Chambers v. NASCO*, 501 U.S. 32, 45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) and *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)). Evans argues that no bad faith can be shown on his part; the parties simply had a dispute over title and ownership of the Vessel. Plaintiff signed over a bill of sale and title to the Vessel. Even though the Court voided the contract, it was not based on bad faith, but because it was contrary to the Florida Bar Rules and public policy. In addition, there were no findings that the Vessel had been "stolen" from Santiago.

In Chief Judge Conway's Memorandum Decision following the trial (Doc. 97), she held that there was a contract for sale of the Vessel, subject the Statute of Frauds (Fla. Stat. § 672.201), signed by Plaintiff. Doc. 97 at 7-9. However, based on Evans' violation of various provisions of Rules 4-1.7 and 4-1.8 of the Rules Regulating The Florida Bar, Judge Conway also held the transaction for sale

---

[4] Plaintiff's citation to a state statute, Fla. Stat. § 772.11, in the fourth paragraph is unavailing in this federal admiralty action. Doc. 109 ¶ 6. He also fails to make any argument for its application in the context of civil theft, which was not alleged in the Amended Complaint (Doc. 42) or the Joint Pretrial Statement.

of the Vessel between Santiago and Evans was void as against public policy. Doc. 97 at 10-13. "While representing Santiago, Evans loaned Santiago significant sums of money, advanced legal fees, and entered into the agreement for the sale of the Vessel from Santiago. Despite these adverse financial interests, Evans testified that he never advised Santiago in writing of the terms of these loans and advanced legal fees nor did he advise Santiago to seek independent counsel." Doc. 97 at 10. Judge Conway found the factual scenario was akin to a contingency fee agreement executed in violation of the Rules and against public policy, which is not an enforceable agreement. Doc. 97 at 15 (citing cases). While it is a serious violation of the Bar Rules, it is not *per se* done "with malice" or "in bad faith" such that an award of attorney's fees would be automatic. In this case, Plaintiff has failed to cite specific facts or legal argument for such an award. Moreover, given Plaintiff Santiago's own testimony that it was not his signature on the Bill of Sale – which Judge Conway found to be "incredible" – he is not entitled to recover fees as an equitable remedy. Doc. 97 at 8 & 11 n.21.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 22, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy